No. 84-430

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

JOHN WILLIAM LOGAN,

        Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        H. Charles Stahmer, Bozeman, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
A. Michael Salvagni, County Attorney, Bozeman,
Montana; Marty Lambert, Deputy County Attorney,
Bozeman, Montana

Submitted on Briefs: June 28, 1985

Decided: August 30, 1985

Filed: AUG 30 1985

*Ethel M. Harrison*

Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

John Logan filed a petition in the District Court of the Eighteenth Judicial District to have his driver's license reinstated. He appeals from the District Court order denying his motion to reinstate his driving privileges.

On November 16, 1983, John Logan was arrested by Deputy Cashell of the Gallatin County Sheriff's Department for suspicion of driving while under the influence. Deputy Cashell advised John Logan of the Implied Consent Law of the State of Montana and informed him that he needed to take the breath test. Logan requested that he be allowed to take a blood test instead of the breath test. Deputy Cashell refused him the right to take the blood test, at his own expense. Deputy Cashell stated that Logan first must take the breath test in accordance with § 61-8-402, MCA. Logan's insistence on taking the blood test first was construed as a refusal to take the breath test, by Officer Cashell. Logan appeals the District Court refusal to reinstate his driver's license raising the following issue:

Whether the requirement imposed by § 61-8-402(3), MCA, that all persons arrested for suspicion of driving while under the influence of alcohol be forced to take the breath test before the blood test, is a denial of our constitutional right to due process.

Appellant argues that he was denied due process because he was not allowed to have a blood test. However, there is no evidence in the record that defendant was prejudiced in his ability to defend. In fact, defendant could have submitted to a blood test in order to refute the breath test if there was a difference. Defendant chose not to do so but rather chose to take no test because the officer insisted he

2

take a breath test first. Under these circumstances defendant cannot be heard to complain.

The issue of whether asking for a blood test and refusing a breath test constitutes a refusal under § 61-8-402, MCA, is resolved in State v. Christopherson (Mont. 1985), _____ P.2d _____, _____ St.Rep. _____, decided this day. Suffice it to say that refusing the requested test constitutes a refusal for purposes of suspension.

The State also raises the issue of whether this Court has jurisdiction to review this case because the notice of appeal did not specify that the appeal was taken from the motion to reinstate the driving privileges of the appellant.

Apparently, the appellant argued the criminal matter, the charge of DUI, along with this civil matter at the District Court level. He then made a motion to dismiss the criminal case and a motion to reinstate his driving privilege (civil matter). The District Court issued an order that denied the appellant's motion to dismiss and denied his motion to reinstate his driving privileges. The appellant filed a notice of appeal that referred only to the motion to dismiss (the criminal matter). The State contends that a notice of appeal dealing with the civil case has not been filed with this Court and this Court does not have jurisdiction to consider the appeal.

We find the appeal timely. Although appellant does not specify the part of the District Court order that he is appealing, he does state that he is appealing the District Court order dated August 16, 1984, which is the same order that denied appellant's motion to reinstate his driving privilege. That is sufficient notice of appeal of the civil issue.

3

We affirm the District Court order denying appellant's motion to reinstate his driving privileges.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4