No. 85-115

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

RICK RAY CHRISTOPHERSON,

       Defendant and Appellant.

_____

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

      Cok & Wheat; Eula Compton, Bozeman, Montana

    For Respondent:

      Mike Greely, Attorney General, Helena, Montana
A. Michael Salvagni, County Attorney, Bozeman,
Montana

_____

Submitted on Briefs: June 28, 1985

Decided: August 30, 1985

Filed: AUG 30 1985

*Ethel M. Harrison*

_____
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Christopherson appealed the Department of Motor Vehicle's suspension of his driver's license to the Eighteenth Judicial District Court in Gallatin County on the basis that the license should not have been suspended under § 61-8-402(3), MCA, since he did not refuse to submit to a chemical test of blood alcohol content. This is an appeal from the District Court's order denying his petition for reinstatement of his driver's license.

Rick Christopherson is a 24-year-old Cut Bank rancher and part-time student at Montana State University. He was arrested, on December 21, 1984, for driving while under the influence of alcohol. Christopherson was taken to the Bozeman Detention Center. He was informed of the Montana Consent Law in a reading, by the arresting officer, of a Consent Law form used by the City of Bozeman. Christopherson asked that a blood test be given. He was informed that he did not have a choice and that a blood test would be given only if he first submitted to a breath test. Christopherson again asked and offered to pay for a blood test; he refused to take the breath test. His refusal was recorded as a refusal to submit to any test. His license was taken by the arresting officer and subsequently suspended, for ninety (90) days, by the Department of Motor Vehicles. Christopherson appeals the District Court's refusal to reinstate his driver's license presenting the following issue:

Did the appellant's statement following his arrest for driving under the influence of alcohol that he would not submit to the designated breath test, but that he instead wanted a blood test, constitute a refusal under § 61-8-402, MCA?

Montana's implied consent statute § 61-8-402(1)(3), MCA, states as follows:

> 61-8-402.  Chemical blood, breath, or urine tests.
> (1)  Any person who operates a motor vehicle upon ways of this state open to the public shall be deemed to have given consent, subject to the provisions of 61-8-401, to a chemical test of his blood, breath, or urine for the purpose of determining the alcoholic content of his blood if arrested by a peace officer for driving or in actual physical control of a motor vehicle while under the influence of alcohol.  The test shall be administered at the direction of a peace officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon ways of this state open to the public while under the influence of alcohol.  <u>The arresting officer may designate which one of the aforesaid tests shall be administered.</u>
>
> . . .
>
> (3)  If a resident driver under arrest refuses upon the request of a peace officer to submit to a chemical test <u>designated by the arresting officer</u> as provided in subsection (1) of this section, none shall be given, but the officer shall, on behalf of the division, immediately seize his driver's license.  The peace officer shall forward the license to the division, along with a sworn report that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon ways of this state open to the public, while under the influence of alcohol and that the person had refused to submit to the test upon the request of the peace officer. Upon receipt of the report, the division shall suspend the license for the period provided in subsection (5).  [Emphasis added.]

Law enforcement officials have interpreted this statute to require police determination of the type of test to be given, either blood, breath, or urine.  When the officer designates a test and the driver refuses that test but asks for another type of test, the officer takes that as a refusal to submit to a chemical test and seizes the driver's license pursuant to § 61-8-402(3), MCA.  We agree.

The purpose of § 61-8-402, MCA, is to encourage a person arrested for DUI to submit to a chemical test.  The statute provides that the arresting officer is to designate which type of chemical test will be administered.  The arrested

3

person may take the designated test or refuse it, but if he will not take the test designated by the officer, his driver's license shall be suspended. The language of the statute makes it clear that it is the refusal to take the test <u>designated</u> <u>by</u> <u>the</u> <u>arresting</u> <u>officer</u> that triggers the suspension, not the refusal to take any test whatsoever. If the arrested person chooses to take a chemical test other than the test designated by the arresting officer and will not take the designated test, it is still a refusal for which his driver's license will be suspended.

The appellant's driver's license was properly suspended and the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4